Welcome to the Sixth Circuit. We have read your brief and are prepared to hear argument in our only case of the morning. So the appellant may proceed. Good morning. Thank you, your honors. May it please the court. I'm attorney Ben Sorber on behalf of the appellant, Seth D. Hoover. I'm asking to reserve five minutes of my time for rebuttal today. With regards to today's oral argument, I'd like to focus on the second assignment of error in our brief, which is the Rule 11 violations. Rest of my brief on the remaining assignments unless the court has specific questions regarding those. To start, I would note there is a disagreement between the parties over which standard of review this court should apply when considering the violations in this case. We're asking that the court apply the abuse of discretion standard for a couple of reasons. First off, this is not subject to plain error because Mr. Hoover raised multiple times in the trial court objections and asking for clarification over the Rule 11 violations which occurred. As you can see, Mr. Hoover was represented by three different lawyers during the course of his proceedings. The third and final lawyer who represented him filed not once, not twice, but three different times motions with the trial court asking for telephone conference, asking for a pretrial conference, and asking for clarification over the court's statements that violated Rule 11. Is it inherently bad for a district judge to say if there's some type of potential guidelines provision at issue for the district judge just to say, you know, I don't plan on granting this guideline adjustment? It seems to me that that can be helpful to a defendant because the defendant knows going into plea negotiations that might as well not use that as leverage because you're not going to get it. So it seems strange to think that we have to keep the defendant in the dark in some respects when the district judge might be able to provide some amount of insight into what the district judge plans on doing. I think that's a good point, Your Honor, but that's not what Criminal Rule 11 prescribes. It states that a district judge is not permitted to involve itself in plea negotiations. Whether it's helpful or not, trying to facilitate a plea from the bench, trying to rewrite a plea from the bench, giving the parties that sort of guidance, this court has found time and time again to violate. Do you think it would, setting aside the facts of this case where the court mentioned the plea itself, if the court just said in the abstract without talking about the plea, do you think that would also violate it? I believe so because Rule 11, as this court has interpreted and applied it, the judge is not permitted to comment even on hypothetical plea agreements. That's the language that this court has used in the past. And so to say, if this type of plea agreement was to come before me, I would probably do this, while that might be helpful to the parties, it's not permitted by Rule 11. And this court has noted that the reason why we have this rule, the policy behind it, is when defendants are in court, especially federal court, as this court has stated, they are at the whim of the awesome power of the court. And so any comments by the court about what type of plea it would accept or how the court would rule on a plea is inherently coercive. Even if the court is trying to facilitate a plea that would be helpful to the parties, by commenting on how the court would rule on a hypothetical plea, it's inherently coercive. And so for those reasons, the criminal Rule 11 does not permit that type of judicial conduct. So switching from the merits to harmless error analysis, what do you think the standard should be? So De'Vea says the standard, when you actually plead guilty and there's this type of violation, that it's whatever the reasonable likelihood or whatever the equivalent test is of standing trial. It's not obvious to me that it should be reasonable likelihood of just what you would have put guilty rather than stand trial. I would agree with that, and I think this court has answered that in Wray, United States. So prior to that, this court had looked at United States v. Ushery. And in that case, the appellant had claimed that there were Rule 11 violations based on the court's comments. This court applied the plain error standard and said basically that the record showed the defendant would have pled anyway. And so therefore, there was no Rule 11 violation. In Wray, United States, this court… In Wray, United States, it's a mandamus action. It is a mandamus action, but this court specifically in that mandamus action specifically looked at Ushery, noted that that was the holding of Ushery, but clarified instead that it stated, we now make clear that Rule 11 absolutely prohibits judicial involvement in plea negotiations. Right, but that goes to whether there's error, not whether there's harm flowing from the error. So I think that's the question Judge Murphy was asking you, is essentially how is your client harmed? So we turn to the facts of this case. He's harmed because he was deprived of the opportunity to enter a plea agreement. That was my point. I can understand if you plead guilty. The via suggests if you're deprived of a right to a jury trial, you're deprived of your constitutional rights, and that itself should be sufficient. It's not obvious to me why it should be sufficient that you're just deprived of your right to plead, if the plea would have had all of the same consequences, same guilt, same sentence. So it seems to me the test may have to be that you were deprived of a right to a better outcome. So it would be like either a lower sentence, maybe a dismissed count. I guess two questions. Why shouldn't that be the test? And if that is the test, was your client harmed in that way? I don't think that should be the test because Rule 11, it's very simple. It just says that the court must not involve itself in negotiations. It doesn't – But it's not structural error. The via tells us it's not structural error. So you have to – there has to be some harm. And if the same thing resulted from ineffective assistance of counsel, we know from Lafleur v. Cooper that we'd have to conclude that there was harm in the sense of some differential in the outcome. So why would a Rule 11 violation, which is not constitutional, be treated as more like absolving us of any requirement to show harm when a Rule 11 violation, which is not constitutional, you're arguing should? Well, I think because, first of all, he does have a right to engage in plea negotiations. And the harm here was that he ended up going to trial and was deprived of the opportunity to negotiate a plea and was put in a position where he had to go to trial because he was told by the court that he wouldn't receive acceptance of responsibility reduction. So I think when we look at it that way, you can see the harm and why this case should be reversed and remanded. And we'd ask reassignment to a new judge. So what do you want? You want his conviction vacated, sent back to a new judge for what? So that he can engage in the plea negotiations. Because in this case, he attempted to do that, but had been told— Do you think the government should have to offer the same plea deal that they offered before? I would, Your Honor, because that was— And if they offered that, all they were offering was acceptance of responsibility. And your client got that at the outset until your client sold some drugs in jail. So haven't you—how are you harmed? If they re-offered, we could send it back, vacate the conviction, send it back to a new judge, tell the government it has to offer the same deal it offered before, which is that they would recommend you complete guilty to all the charges. They would offer acceptance of responsibility. But you already got that. I mean, are we supposed to—how is this different? And a new judge will say, well, but you were dealing drugs in jail, so I'm not going to give you acceptance. Right. I guess I understand that he did get the three-level reduction at the end of trial, but by that point, the harm had already been done. I guess if he had been allowed to enter a plea earlier in the case or the court had clarified that it would permit a three-level reduction, it's possible that—likely that the plea would have been entered earlier in the case and we wouldn't have been in the position where he had the three-level reduction and then lost it because this would have been resolved by way of plea, as I think it should have. I think with that, I'm about out of time. Judge Gibbons, did you have any questions? No. Okay. Good morning. May it please the Court, Matt Call for the United States. Our position is the court didn't participate in any plea negotiations, and even if it did, any error was harmless in this case. The district court's statements that it would not grant acceptance was first made after the defendant had showed up at a final pretrial hearing. Before the hearing, the defendant had entered a notice that he intended to plead guilty, and instead of pleading guilty at that case, he asked to discharge his lawyer and file a suppression hearing. The court said, well, there will be no acceptance and then we'll move on with the case. And the court did make that statement a couple other times later in the case, but at that point How about like I would just caution both sides, don't negotiate any plea that might contemplate any acceptance at all, because I will not award it. How about that? That's closer to the line, Your Honor, but Wait, how does that not cross the line? It doesn't cross the line because if you read Rule 11 in conjunction with this court's other statements and similar cases, the court wasn't involved in plea negotiations because there were no plea negotiations ongoing at that time. Mr. Hoover had no interest whatsoever in pleading guilty until he had lost at the suppression hearing. And as this court's But he's acknowledging that there might be plea negotiations. If there are going to be any further plea negotiations, there will not be acceptance of responsibility. I would just caution both sides, don't negotiate this kind of bargain. Certainly, Your Honor. And that is, I'm not going to say that's perfectly fine. It is certainly close to the line. And I don't think it's over the line because of what this court said in the In Re United States that my friend relies upon so heavily. It said the problem in that case was that the court made those comments while plea negotiations were ongoing. And the court even used the adjective to describe that problem as crucial to the outcome of the case. While plea negotiations are ongoing, a court is prohibited from commenting on a hypothetical plea that it would or wouldn't accept at page 594. And there's no indication that the district court was doing it. So, at the very outset of the case, could the district court have said, you have overwhelming evidence of guilt, you need to plead guilty because the jury is going to convict you and it's going to be a lot worse for you. No, I think that would probably run afoul. Then doesn't that suggest that you're dividing line that discussions aren't ongoing is not accurate because there would have been no discussions ongoing at the point of my hypothetical plea. I think that's more inherently coercive into forcing the defendant to waive or give up his Sixth Amendment right. And that's the purpose that the Rule 11 C1 language... So your response is a purpose-based argument, but I don't see how it would not fit within the text. It would fit within the text. I'm going off of the language of this court's opinion combined with the policy reasons behind that. I'd also note, and this gets into our dispute regarding the standard of review, later on when it was apparent that Mr. Hoover might be interested in pleading guilty, the court acted completely appropriately and despite his attorney's multiple attempts to try to get the court to engage with it, it steadfastly refused to do so. The reason I differ with my friend regarding the standard of review here is that the objection that Mr. Hoover raised through counsel below was not, I object, you improperly participated in plea negotiations. His objection was that the court wouldn't get more involved in plea negotiations. If you read his motion for clarification, his request for a final pretrial, and I forget what the third motion was captured, each time the defendant was asking the court to give more information about that acceptance of responsibility reduction, and each time the court said, I'm not going to get involved. If you proffer a plea agreement, I'll make the decision whether or not to accept it, and I can't tell you about acceptance of responsibility until there has been a plea entered and until we get to sentencing, and that is entirely appropriate. So even if the court's initial comments about acceptance were improper, it wasn't during the course of the plea negotiations, and the defendant never objected to that as being a Rule 11 violation. So the error that he's claiming on appeal differs from the objection or the position that he took in the district court. And finally, we haven't seen any harm from this error. If there were error here, the error would be that the defendant was not allowed to plead guilty and then forced to go to trial. Why shouldn't the test... So the test in the other way, when the defendant pleads guilty instead of going to trial, is just a reasonable probability that he would have exercised his trial rights. Why shouldn't we just do the opposite of that and suggest it should be a reasonable probability that he would have pleaded guilty? That's fine, but there still has to be harm that flows from it before this court will correct the error under... The idea is the harm of not going to trial is itself sufficient, and you don't have to show that a jury would have acquitted. So here, it would just be the harm itself is I didn't get to plead guilty. But by pleading guilty, the end result, whether he pled guilty or was convicted to trial, was conviction on the counts, and it led to sentencing. If it had affected his sentence, I think that there would have been harm here. But we know conclusively from the two sentencing transcripts that no harm flowed from that. The defendant reserved his arguments, didn't present any evidence at trial, and the court, as 3E1.1 of the guidelines permit him to do and suggest the defendant should do, the court initially awarded an acceptance of responsibility reduction at sentencing. And they got to the end of the sentencing hearing, and at the Bostic question, it had gotten that far, was the first time that the defendant raised an objection to certain facts that the court had used. The court warned him, if you're going to object to these facts, I'm going to go back, look at them, and I may change my mind about what sentence. So he got acceptance. I agree with you that the rubber hits the road with what the test should be. And if the test is reasonable probability of pleading guilty, I don't think you'd dispute that maybe that test is satisfied. You're saying it's a reasonable probability that the plea of guilty would have helped him in some way substantively with that sentence. I'd agree with that, Your Honor. It can't just be that it would have been a slightly different procedure. There has to be harm. Is there any case law that supports you, or are we in kind of a novel area here? We are somewhat in a novel area, Your Honor, because it's sort of rare for a defendant to be claiming, but for the court's involvement, I would have pled guilty. As I skim back through all of these cases in preparation for this argument, they all involved situations where, because the court got involved, the defendant chose to plead guilty and then was asking to back out of it. And that goes back to the policy reasons behind the rule, is that the purpose of the rule is to prevent the court from forcing a defendant, maybe forcing is too strong a word, but the court suggesting to a defendant that he should plead guilty and waive his Sixth Amendment right to a trial. And so we're in a very different situation here where the defendant was saying, if the court hadn't gotten involved, I would have pled guilty. Okay, a guilty plea or a trial, either way, we're at the same result, the defendant is convicted. I think he's got to show something more than, you know, he went down one path versus the other in order for there to be a reversible error here. He's got to show some sort of harm under Rule 52. I think that the ineffective assistance of counsel cases like Lafleur v. Cooper provide a roadmap here because in Lafleur, we're looking at the same situation. The defendant gets bad advice from counsel about whether to accept a plea. The bad advice causes him to go to trial. He's convicted at trial and he says, oh, I got bad advice about the plea. The Supreme Court in Lafleur says that's error, but you have to show a sentence disparity. I hadn't really thought of it through that different procedural lens, Your Honor, but I think that the conclusion is the same. For an ineffective assistance type of a relief, it's not just that there was a problem, but he has to be harmed by the error. Ineffective assistance is not just counsel's performance falling below the relevant standard, that he was prejudiced. It is when a defendant gives up his right to go to trial. Then all you have to show is that you would have gone to trial, but for the bad advice. But the Lafleur situation is reversed. You go to trial and there the court says that you have to show that the conviction or sentence, or both, under the offers terms would have been less severe than under the judgment and sentence that was in fact imposed. I think that's a useful analogy, Your Honor, and I hadn't really thought of it that way. I think the difference is because the right to a trial is a constitutional right. Whether or not it might be wise to do that or not, convincing someone to give that up, I think, makes it more like a structural error. By the same token, there's no right to a plea agreement. If a defendant is charged, they have the right to plead guilty to the indictment. But that's not really the analogous facts here. We know from the record, and it's very clear, they don't dispute that the district court properly denied acceptance of responsibility based on A, the defendant staying involved in drug trafficking while he was in pretrial detention, and B, frivolously denying or objecting to relevant facts about that, which the court used at the sentencing hearing. Those facts had been in the PSR without objection and the defendant raised it post-Bostick. What did you do with your friend on the other side's argument that if he had pled guilty, maybe the sentencing would have occurred sooner and it would have avoided this relevant conduct? I don't think that that would have affected anything because looking at the timeline here, the defendant's texts that the court cited as evidence of this occurred in July of 2022. That was before the defendant even made his first indication. That was early on in the case. The case was charged in March of 2022. So this isn't something that happened between the time he was convicted and the first sentencing hearing. This had happened two, three years earlier. It was in the PSR unobjected to. The court rightfully considered it as relevant and aggravating conduct at the sentencing hearing. So I don't see how, had the timeline of the plea changed, it wouldn't have changed that those relevant facts occurred and that the court was likely to consider them at the sentencing hearing, Your Honor. So I think if you look at the timeline of the text messages between the defendant and they're spelled out in the PSR, I believe the other person was only known as Joker. Those were in March of 2022, long before. So if it had affected the timeline, I still don't think that that would have eliminated that conduct. That conduct had already occurred long before the court made any statement whatsoever regarding acceptance of responsibility. So based on that, we'd ask the court to find that if there was error in this case, it was harmless, and to affirm on the issue regarding Rule 11. I know that my colleague did not raise any issues regarding to the traffic stop or the other issues he raises in the brief. I will not rebut anything that's not been raised, but I'm obviously happy to respond to any questions the court may have on any of those issues. Or if not, I will thank you for your time this morning. All right. Thank you. Thank you very much. Mr. Serber, we'll hear your rebuttal. All right. Thank you, Your Honors. If this court holds that a plain error standard applies, I'm concerned that creates bad precedent and an unworkable rule for trial counsel because to say that trial counsel did not object to the Rule 11 violations, I think it kind of belies the record where we have multiple times trial counsel informing the court there's confusion over what you've said on the bench and your involvement in a hypothetical plea. So if the court is going to say this is a plain error case, I'm concerned that it raises an unworkable rule for trial counsel and it sets a bad precedent going forward because when we look at the record, this is not a case where a defendant sat silent until it came to appeal. Instead, when you look at the record, you're left asking what more could we have done to preserve those objections for the record. So I just want to touch upon that. Regarding the harm to Mr. Hoover, I think that the way that the court handled this, the potential plea is troubling in this case, and I think that tainted the entire proceedings going forward, which is part of why we're asking that his conviction be vacated and it be remanded and reassigned. The first time the court stated that it would not, don't bring me any plea agreements that contain acceptance of responsibility, that happened at the pretrial in July. At that time, Mr. Hoover had had his trial counsel for only three months. At that pretrial, Mr. Hoover told the court, I'm not satisfied with my attorney. I want a new attorney. I believe I have valid claims, Fourth Amendment suppression issues regarding the traffic stop. That counsel was relieved and new counsel was appointed. But at that same hearing was when the court said, I'm not going to entertain any plea agreements that have acceptance of responsibility. This is not a case where there's a true plea deadline that the court set because Mr. Hoover gets arraigned on a superseding indictment about a month later, and when he comes to court three or four weeks after being arraigned on the superseding indictment, the court reiterates, even though there's a new indictment with new charges, I'm not going to entertain any plea agreements that allow for the acceptance of responsibility. And then to grant the acceptance of responsibility at the end after stating that on the record and not clarifying, I think is troubling. And I think that it's kind of gotcha justice that we want to stay away from. So given that conduct there, I believe that there is harm in the way that these proceedings worked. The way that the court stated that it would not accept the responsibility reduction is the error here. So for those reasons that we're asking that you vacate the conviction and remand this and reassign on remand. Unless the court has any other questions, I'll rest on my brief. I have just one question, which is I am not certain whether you are appointed pursuant to the Criminal Justice Act. I know prior counsel, Mr. Yoder, who wrote the briefs was, and we thank him for the briefing. I don't have a bench slip, so I'm not sure whether you're CJA counsel or not. I am not. Mr. Yoder is still on the case, and he asked me to appear for oral argument today. So I am not CJA counsel. He is. So I'm just appearing to argue today, and I assisted in the background with a briefs, Your Honor. Okay. Well, we thank both of you for your excellent briefs. We thank Mr. Yoder for accepting the appointment. We thank the government for an excellent argument as well. And with that, the case will be submitted.